UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| DEWAYNE NATHANIEL EVANS, | : | Case No. 2:22-cv-3669 |
| Plaintiff, | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Stephanie K. Bowman |
| FRANKLIN COUNTY CORRECTIONS II, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Dewayne Nathaniel Evans has filed a pro se Complaint with this Court. (Doc. 1-1). The Complaint raises various concerns about conditions at the Franklin County Corrections Center where Evans is currently in custody. (*Id*.).

The matter is before the undersigned Magistrate Judge to conduct an initial screening of the Complaint. For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).

**I.  Initial Screening Standard**

Because Evans is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis,* the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

**II.    Parties and Claims**

Plaintiff Evans appears to be a pretrial detainee in custody at the Franklin County Corrections Center (FCCC).[1] (*See* Doc. 1-1, PageID 7).

He identifies eight defendants: Franklin County Sheriff Dallas Baldwin, Major Mike Turner, Tonja Phillips, Syble Sayon, Tuesalyn (or Tresalyn) Buttler, Carolyn Pierce, Nalea Whiting-Cobb, and Jason Poindexter. (Doc. 1-1, PageID 7, 10). It is implied that these individuals are all affiliated with FCCC. In addition, Evans names some John Does and Jane Does as defendants. (*Id.*). The Complaint identifies these Defendants as the unknown staff members that run certain programs at

---

[1] It appears Evans is awaiting trial in two criminal cases. *See* the Franklin County Sheriff's website, available by name search at https://sheriff.franklincountyohio.gov/services/inmate-information (accessed Dec. 16, 2022) and the Franklin County Court of Common Pleas website, available at https://fcdcfcjs.co.franklin.oh.us/CaseInformation Online/ (accessed Dec. 16, 2022). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

FCCC, such as AA and NA (presumably, Alcoholics Anonymous and Narcotics Anonymous).[2]

(Doc. 1-1, PageID 7, 10). Finally, Evans may have named "Franklin County Corrections II" as a defendant. (*See id*.).

The Statement of Claim in the Complaint says, in its entirety:

> Because of my charge where I'm Placed in Franklin County Jail "PC." All programs are not set up for P.C. The Food not being 2800 cal a day per inmate has been everytime I've been here. Staff run the work house here at Franklin County and Denie all call cards that are for programs, Recreation, - Food commissary – charging prices that are way over cost, medical – put call cards in about important Stuff don't respon[d].

(Doc. 1-1, PageID 11). Evans seeks monetary damages of $900,000 "per whole" and $900,000 "each person." (*Id*., PageID 12).

Although it does not specify, the Undersigned reads the Complaint as seeking to raise claims under 42 U.S.C. § 1983. This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ*., 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). Although Evans does not identify any constitutional of federal law provisions, the Undersigned has endeavored to classify his claims as best appropriate. *See Barhite*, 377 F. App'x at 511 (citing *United States v. McDonald*,

---

[2] The full list of "programs" includes: AA, NA, Laundry, Church, Phone Services, Recreation, Maintenance, Social Services, Medical, Food Services, Commissary, [illegible], Self Help Programs, School Diploma, Personal Development Programs, Domestic Violence, Commitment to Change – Identifying errors that lead to Criminal Behavior, Anger Management – Building Awareness of Cues and Triggers, Thinking for a Change – Self-Understanding of impact of their action on others, Pathway for Men – Wellness utilizing cognitive thinking and Behavioral Therapy, and Mail Room. (Doc. 1-1, PageID 10).

4

326 Fed. App'x 880, 882 (6th Cir. 2009)) ("courts may elect to recharacterize pro se filings for the benefit of the pleader").

### III. Discussion

The Undersigned concludes that, even if the pro se Complaint is read liberally, Evans has failed to state a claim upon which relief may be granted against any of the Defendants.

A. <u>Identified Defendants in their Personal Capacities</u>

First and primarily, the Complaint fails to allege what any particular identified Defendant did that violated Evans' rights. A plaintiff suing several defendants must describe in the complaint how each defendant violated his or her rights. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege . . . facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

Here, Evans does not include allegations of specific wrongful conduct by any of the eight identified Defendants. There is no information to allow the Court to determine that (or how) Defendants Baldwin, Turner, Phillips, Sayon, Buttler, Pierce, Whiting-Cobb, or Poindexter each

5

allegedly violated Evans' rights. In fact, there is no information whatsoever about who most of these defendants are. Although the Undersigned can construe a pro se complaint liberally, the Undersigned cannot attempt to match particular defendants with particular allegations where the plaintiff has failed to do so. Identifying who harmed the plaintiff and how they did so is a "basic pleading essential" required to state a claim.[3] *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument."). The claims against these eight identified Defendants (Baldwin, Turner, Phillips, Sayon, Buttler, Pierce, Whiting-Cobb, or Poindexter) in their personal capacities should be dismissed for this reason. *See Sanders v. Baldwin*, No. 2:19-cv-2438, 2019 WL 2579160, at *3 (S.D. Ohio June 24, 2019), *report and recommendation adopted*, 2019 WL 3891886 (S.D. Ohio Aug. 16, 2019) (dismissing complaint against Dallas Baldwin and others because there was insufficient factual content or context from which the Court could reasonably infer that these defendants were personally involved in a violation of the plaintiff's rights).

---

[3] As one court put it:

> In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).
>
> Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).

*Allen v. Aramark Corp.*, No. 3:07-cv-P260, 2009 WL 1126093, at *3 (W.D. Ky. Apr. 27, 2009).

To the extent that Evans does identify *Sheriff* Baldwin or *Major* Turner, it may be that these individuals were named because of their supervisory position or rank within the Franklin County Sheriff's Office or the Franklin County Corrections Center. But rank or position alone is insufficient to hold a person liable under § 1983; "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). The Complaint here does not include any such factual allegations, which means that any supervisory claims against Defendants Baldwin and Turner (or any other supervisor) should be dismissed.

  B. <u>John Doe and Jane Doe Defendants</u>

Any claims against the John Doe and Jane Doe Defendants should also be dismissed. The Complaint identifies these Defendants as "staff that run programs" at FCCC. (*See* Doc. 1-1, PageID 7 (naming John Does and Jane Does "That refuse to give there names") and PageID 10 (indicating that they "would not give names of staff that run programs," and listing the programs)). But Evans does not allege that each of the John and Jane Does running each individual program decided to specifically deny Evans the ability to participate in that program. Rather, Evans alleges that "all programs are not set up for P.C. " (Doc. 1-1, PageID 11). These allegations suggest that prisoners in "P.C." (which may stand for protective custody or protective control) are ineligible to participate in programming based on their security classification.

The Undersigned thus can plausibly infer that Evans is alleging that a policy or custom of FCCC (or "Franklin County Corrections II" or Franklin County) exists that denies educational and rehabilitative programming to inmates in P.C. While a municipality may be held liable under § 1983 where its policy or custom causes a constitutional violation, *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005), no *constitutional* violation is alleged in this respect. That is, an inmate "does not have a constitutional right to jail educational programs." *Lane v. Love*, No. 3:21-cv-346, 2021 WL 5710086, at *4 (E.D. Tenn. Dec. 1, 2021) (citing, among other cases, *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs")); *see also Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-cv-801, 2012 WL 3561069, at *2 (M.D. Tenn. Aug. 16, 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981) and *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985)) ("there is no constitutional right to vocational or educational programs in prison."); *Parr v. Caruso*, No. 1:10-cv-109, 2010 WL 727106, at *3, *2 (W.D. Mich. Feb. 25, 2010) (collecting cases) (noting that "Federal courts consistently have found that prisoners have no constitutionally protected interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment" and that "prisoners do not have a fundamental right to prisoner reentry services under the Constitution.").

Additionally, any suggestion that Evans was treated differently than other, non-P.C. inmates fails to state an equal protection claim, legally and factually. *See Grimmett v. Wilson Cnty. Jail*, No. 3:15-cv-116, 2015 WL 787228, at *2 (M.D. Tenn. Feb. 24, 2015) (citing *Carter v. Morgan*, 142 F.3d 432, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (table) (which notes that a "claim of being treated differently from other inmates with regard to participation in the outside educational opportunities has no constitutional underpinnings."); *Ctr. For Bio-Ethical*

8

*Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (providing that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis'") (citations omitted). Because the alleged denial of rehabilitative and educational programming does not violate a *constitutional* right, Evans' apparent claim against the John Doe and Jane Doe Defendants (or anyone else) based on this allegation cannot succeed under § 1983.

      C.      <u>Franklin County Corrections II</u>

Evans may have also intended to name "Franklin County Corrections II" as a defendant. (*See* Doc. 1-1, PageID 7, 10). To the extent he is attempting to sue the correctional facility itself, the claim fails because a correctional facility is not a "person" that can be sued under § 1983. As noted above, to state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by *a person* acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (emphasis added). A jail is not a "person" within the meaning of this statute. *See Williams v. Ohio Dep't of Rehab. & Corr.*, No. 1:20-cv-205, 2020 WL 2225884, at *2 (S.D. Ohio Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 2216859 (S.D. Ohio May 7, 2020) (citing *Parker v. Michigan Dept. of Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003)) ("A correctional facility is not a 'person' subject to suit under 42 U.S.C. § 1983."). Any such claim should be dismissed.

D. <u>Municipal liability claims</u>

To the extent that Evans is attempting to sue the municipality of Franklin County, Ohio,[4] or to sue the Defendants in their official capacities,[5] he has failed to state a viable § 1983 claim. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)).

As discussed in Section III.B, the Complaint could be read as alleging a policy that P.C. inmates at FCCC may not utilize educational and rehabilitative programs. That claim should be dismissed for the reasons discussed there. Reading the Complaint liberally, it could additionally be read to suggest that other municipal policies or practices concerning deficient meals, call cards, and commissary prices violated Evans' rights. These claims too are without merit.

---

[4] The Sixth Circuit recently noted that "[i]t is an open question in this circuit 'whether a municipality's liability under § 1983 is predicated on first finding that an individual officer or employee is also liable.'" *Nichols v. Wayne Cnty., Michigan*, 822 F. App'x 445, 449 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 2716 (2021) (quoting *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 511 n.12 (6th Cir. 2019)). A dissent took issue with this proposition. *See id*. (Moore, J., dissenting).

[5] It appears from context that the Defendants are all affiliated with FCCC and may be employees of the Franklin County Sheriff's Office or Franklin County, Ohio. A claim against them in their official capacities would be the equivalent to a suit against Franklin County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)) ("Matthews sued Chief Jones only in his official capacity as the Chief of the Jefferson County Police Department. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.").

   *1.*  *Deficient meals*

  The Complaint appear to allege that the food served at FCCC did not contain 2,800 calories per day. (Doc. 1-1, PageID 11). In this context, a constitutional claim is raised "only when the food provided is inadequate 'to maintain normal health.'" *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5-6 (S.D. Ohio Feb. 19, 2014) (quoting *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977)).

  There are no allegations in the Complaint that the food at FCCC was inadequate to maintain health, or that Evan's health suffered because of it. There are likewise no allegations about how long Evans was served the insufficient meals, or how deficient the meals allegedly were. Without such information, Evans fails to state a claim. *See Lane v. Love*, No. 3:21-cv-346, 2021 WL 5710086, at *4 (E.D. Tenn. Dec. 1, 2021) (citing *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011)) (rejecting "claims that the jail does not feed inmates two-thousand calories a day . . . as nothing in the complaint allows the Court to plausibly infer that Plaintiff does not receive enough food to sustain his good health"); *Montague v. Schofield*, No. 2:14-cv-292, 2016 WL 3977199, at *2 (E.D. Tenn. July 19, 2016) (quoting *Welch v. Spaulding*, 627 F. App'x 479, 483 (6th Cir. 2015) (dismissing claim where "Plaintiff does not indicate the length of time he has been served a diet which contains less than 2,200 calories a day," because "'the question of whether a prison official has knowingly provided a nutritionally inadequate diet is a fact-specific inquiry that requires consideration of, inter alia, daily caloric content, duration of the diet, and the nutritional needs of the prisoner.'"). There is simply not enough information in Evan's Complaint to state a plausible claim on this basis.

    2.  *Call cards*

  Evans' allegation that FCCC staff deny or do not respond to "call cards" asking about programs, recreation, food and other important issues likewise fails to state a claim. (Doc. 1-1, PageID 11). Context suggests that call cards are informal requests made by inmates as part of FCCC's institutional grievance procedure. (*See* Doc. 1-1, PageID 9). Although this practice would indeed be frustrating, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Thus, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). *See also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") The denial of call cards does not state a claim under § 1983.

    3.  *Commissary prices*

  Evans alleges that the FCCC commissary is "charging prices that are way over cost." (Doc. 1-1, PageID 11). This allegation fails to point to a constitutional deprivation:

> Prisoners have no constitutional right to purchase products at the same price as charged in retail stores. *Simpson v. Caruso,* 2009 WL 1010973 *3 (W.D. Mich., Apr. 14, 2009). *See McCall v. Keefe Supply Co.,* 71 F. Appx. 779, 780 (10th Cir. 2003) (allegation that prisoner was overcharged for goods at prison commissary failed to state a constitutional claim); *French v. Butterworth,* 614 F.2d 23, 25 (1st Cir. 1980) (no legal basis exists for a demand that inmates be offered items for purchase at or near cost); *Canell v. Department of Corrections,* 2010 WL 1608856 *6 (E.D. Wash., Apr.19, 2010) (inmates do not have a constitutionally protected right to be able to purchase items from the commissary at a particular price or to prevent the charging of exorbitant prices); *Jones v. Swanson Services Corp.,* 2009 WL 2151300 * 2 (M.D. Tenn., Jul 13, 2009) (inmates do not have a constitutionally protected right to purchase commissary items at low prices); *Floyd v. Emmet County Correctional Facility,* 2006 WL 1429536 *4 (W.D. Mich., May 23, 2006)

>   (prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores).

*Griffin v. Doe*, No. 1:10-cv-1987, 2011 WL 94563, at *1 (N.D. Ohio Jan. 11, 2011). *See also Ramsey v. Knox Cnty. Sheriff's Off. Jail & Facilities*, No. 3:20-cv-486, 2020 WL 6730990, at *3 (E.D. Tenn. Nov. 16, 2020) (holding same). This claim likewise fails.

## IV. Conclusion and Recommended Disposition

The Undersigned concludes that the Complaint fails to state a claim against any Defendant upon which relief may be granted, and therefore **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## V. Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or

13

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>December 22, 2022</u>                              *s/Stephanie K. Bowman*
                                                STEPHANIE K. BOWMAN
                                                UNITED STATES MAGISTRATE JUDGE